## SUPERIOR COURT OF CINCINNATI

### No. 626

### HALLSTEAD v. KANT-SKORE CO.

Superior Court of Cincinnati
No. 58932.   Decided May 16, 1924

903.  PAYMENT—Money paid as royalties under a mistake as to whether a patent would be issued held not recoverable.

MARX, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Action upon a promissory note, wherein Leon A. Hallstead, assignee of the Sinclair Manufacturing Co., was plaintiff and the Kant-Skore Piston Co. was defendant. The case was submitted to the court on an agreed statement of facts. Liability on the promissory note was admitted. The only question was as to a set-off claimed by the Kant-Skore Co., against the Sinclair Co. The Kant-Skore Co , by contract, acquired a certain piston under the U. S. Patent, and was obligated to pay the Sinclair Co. certain royalties for the privilege. It used this right until Jan. 1, 1922, when it began to manufacture a different device known as the H. device.

Patent for the H. device was applied for and was granted on Feb. 26, 1924. During this time until Feb. 26, 1924, the Kant-Skore Co. endeavored, by way of set-off, to recover back the royalties so paid after Jan. 1, 1924, alleging that it was not certain until the H. patent was issued whether it was a different invention from that disclosed under the S. patent and by reason of this lack of knowledge it inadvertently paid the royalties claimed. The question of law was whether there was such mistake as to warrant a recovery of the royalties so paid. Held:

The Kant-Skore Co. knew all the facts. The only thing it did not know was whether the Patent Office would issue a patent. The royalty payments were made voluntarily and without protest. Adequate consideration was received for the payments because during the period in question defendant was permitted to and did use the trade-mark "Kant-Skore." Furthermore, since defendant had the exclusive right to use the S. patent, by the payment of royalties it secured to itself, absolute freedom from competition under the S. patent until Feb. 26, 1924. Also the payment of royalties secured defendant in the manufacture of the H. device without interference by way of legal action that would have been followed by the cessation of royalty payments.

It is a well established rule of law that payments voluntarily made under a mistake of

law, but with full knowledge of the facts, cannot be recovered back. (Numerous authorities cited.) A mistake of opinion as to whether the Patent Office would or would not issue a patent is not such a mistake as is recognized in law as a ground for recovering back payments made because of the uncertainty. The court finds the issues in favor of the plaintiff on the petition and against defendant on the set-off. Judgment accordingly.

Attorneys—Buchwalter, Headley & Smith, for Hallstead; Alfred G. Allen and Lorbach & Garver, for Kant-Skore Co.; all of Cincinnati.

## PUBLISHERS' COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

CHIEF EDITOR        -       -       W. J. TOSSEL
   President       -       -       -       J. F. Laning
   Vice Pres. and Cir. Mgr.   -   Sam H. Torrey
   Secretary and Treasurer   -   S. R. Laning
Issued Every Wednesday   50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS
One year (50 issues) Payable in Advance..$15.00
Single Numbers ........................   .50

## THIS MONTH'S DIGEST SERVICE

The Current Digest for September appears in this number of The Abstract, and attention is called to our Digest Service.

In each of the issues of The Abstract we give the Tables of Cases appearing therein, and a Semi-Index Digest of the decisions in the published cases.

These weekly Tables and Digests are cumulated into a Monthly Digest, and that of each month is published in the first paper of the following month.

By this plan to find all of the digesting of the different months, the searcher for an authority has to look only to rthe Digest appearing in the first issue of each month, instead of the weekly digests.

These Monthly Digests are then assembled in a Semi-Annual Digest, one of which appears each half year, the first a supplement to the last June number, and the second the last December number.

The Abstract is being constantly enlarged in scope, to cover the whole field there is for such a publication, and as fast as possible will be extended to cover all the potentialities of the situation, and be and remain a constant necessity to the lawyer or judge who wants to be in or near the front rank of his profession.